```
                                                    RECEIVED
                                            USDC, CLERK, CHARLESTON, S
          IN THE UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF SOUTH CAROLINA    2008 DEC -8  P 2: 32
                  CHARLESTON DIVISION
```

JENNIFER ESTES,                    )    C. A. No. 2:07-4085-MBS-RSC
                                   )
                Plaintiff,         )
                                   )
          -versus-                 )    **REPORT AND RECOMMENDATION**
                                   )
WESTMINSTER COMPANY,               )
                                   )
                Defendant.         )

This matter came before the undersigned for a Report and Recommendation on the Defendant's motion to enforce the settlement herein, a copy of which is attached hereto with the supporting releases.

A hearing was held on the defendant's motion on December 3, 2008, at which the defendant's counsel and the plaintiff's counsel appeared. The plaintiff also appeared with her common law husband. Plaintiff's counsel conferred with the plaintiff and her husband and advised the court that the plaintiff's husband had told him succinctly that the plaintiff would not be signing the settlement documents.

The facts are not in dispute.

In the fall of 2008, the plaintiff and her witness appeared for the taking of the witness' deposition, and plaintiff's attorney presented the plaintiff with a settlement offer from the defendant. Plaintiff's counsel recommended the settlement to the

1

plaintiff and allowed that he thought he could possibly get a little more money. He asked his client for authority to settle the case on the terms set out in the proposed settlement offer and such additional money as he could negotiate. The plaintiff agreed and gave him that authority. Plaintiff's counsel negotiated with defendant's counsel and agreed to a settlement.

The defendant's counsel prepared the agreed upon settlement agreement and releases and forwarded them to the plaintiff's counsel for execution. Plaintiff's counsel talked to his client and offered to allow her to come into the office to execute the documents or to receive the documents by mail, sign and return them to him. The plaintiff asked for the documents to be mailed to her. The documents were sent in early October 2008 to the plaintiff. The plaintiff did not reply to her attorney and failed to respond to numerous contacts from counsel.

The December 3rd hearing was the first and only contact the plaintiff's counsel had with his client since October and he was clearly surprised to see her and her husband at the hearing.

The plaintiff agreed with the above recited facts, agreed that her attorney had her authority to settle the case, and agreed that the settlement which was sent to her was consistent with the terms on which she had authorized her attorney to settle. The only exception was her assertion that after she received the settlement documents she sent her attorney an e-mail

indicating she would not sign the settlement agreement. Counsel denied receiving such an e-mail.

At the hearing the plaintiff's husband was present, appeared agitated and repeatedly attempted to interject himself in the hearing. He was asked to leave the courtroom while the arguments were conducted. Thereafter he was allowed back in the courtroom and allowed to make a statement. He asserted that he felt the settlement was unfair because the defendant allegedly was keeping him from seeing his children and that more should have happened to the individuals involved in the litigation.

Plaintiff's counsel offered that he had taken numerous depositions in the case and conducted discovery. He attended the plaintiff's deposition as well as that of her witness. He prepared the common law husband for his deposition. He allowed that he has practiced law for numerous years and concluded that based upon his understanding of the law and the facts the settlement was exceedingly fair and not worth the risk of going to trial. The plaintiff did not dispute this assertion.

"A number of courts have recognized the authority of a trial court summarily to enforce a settlement agreement and to enter judgment based on that agreement without plenary hearing. See, e.g., Kukla v. National Distillers Products Co., 483 F.2d 619 (6th Cir. 1973); Cia Anon Venezolana de Navegacion v. Harris, 374 F.2d 33 (5th Cir. 1967). This authority, however, arises . . .

3

under the trial court's inherent equitable power summarily to enforce a settlement agreement when the practical effect is merely to enter a judgment by consent. See, Wood v. Virginia Hauling Co., 528 F.2d 423, 425 (4th Cir. 1975); Kukla, 483 F.2d at 621. This summary procedure has been found to be 'admirably suited to situations where, for example, a binding settlement bargain is conceded as shown, and the excuse for nonperformance is comparatively unsubstantial.' Autera v. Robinson, 419 F.2d 1197, 1200 (D.C.Cir. 1969). The decisions in this circuit are in accord with these general principles." Millner v. Norfolk & W. R. Co., 643 F.2d 1005, 1009 (4th Cir. 1981).

Thirty years ago the Fourth Circuit Court of Appeals acknowledged this principle in Napier v. Chesapeake & Ohio R.R., 582 F.2d 1344, 1345 (4th Cir. 1978), "Napier testified that he granted Wilson authority to settle but did so only because of his misunderstanding that the trial was set for the next business day and could not be tried unless he immediately paid for litigation costs. He could not and thus was confronted with only one reasonable alternative which he accepted to authorize settlement of his case. We think the dispute here is between Napier and Wilson and it provides no equitable ground for denial of specific performance of an authorized settlement agreement which has not been attacked as unfair."

This is not a case in which there is a factual dispute over the existence of an agreement, over the authority of the attorney to enter into the agreement, or over the agreement's terms or its fairness. The settlement, a copy of which is attached hereto should be enforced.

Therefore it is recommended that the court enter its order dismissing this action and adopting the terms of the settlement herein as the order of the court.

Respectfully Submitted,

*Robert S Carr*
Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

December __8__, 2008