IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jennifer Estes, ) | |
| ) | C/A No. 2:07-4085-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| Westminster Company, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Jennifer Estes filed the within complaint on December 19, 2007, as amended on April 1, 2008, alleging, among other things, that she was sexually harassed in violation of the Federal Fair Housing Laws, 42 U.S.C. § 3601-3619. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling.

This matter currently is before the court on motion to enforce settlement filed by Defendant Westminster Company on November 18, 2008. The Magistrate Judge held a hearing on December 3, 2008. It appears that he was informed by Plaintiff's counsel that Plaintiff had accepted a settlement offer by Defendant in the fall of 2008. However, Plaintiff failed to execute the settlement documents prepared by Defendant's counsel and agreed to by counsel for Plaintiff. Plaintiff's counsel represented to the Magistrate Judge that he had not heard from Plaintiff since October 2008. It further appears that Plaintiff did not dispute these facts, other than to inform the Magistrate Judge that she had sent Plaintiff's counsel an email indicating that she would not sign the settlement agreement. Plaintiff's counsel denied receiving such an email. Plaintiff's counsel represented to the Magistrate Judge that he believed the settlement was fair. Based on these facts developed at the

hearing, the Magistrate Judge issued a Report and Recommendation on December 8, 2008, that the court enter an order dismissing the action and adopting the terms of the settlement (Entry 44). The settlement agreement and release is filed as an attachment to the Report and Recommendation (Entry 45). Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The court has carefully reviewed the record. The court adopts the Report and Recommendation and incorporates it herein by reference. The within action is dismissed with prejudice. The court adopts the terms of the settlement agreement as the order of the court.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

December 30,  2008

2